FILED
United States Court of Appeals
Tenth Circuit

February 16, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GWAUN DIRON FRIERSON,

Defendant-Appellant.

No. 10-6232
(D.C. No. 5:06-CR-00214-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

Gwaun Diron Frierson, a federal prisoner, filed a notice of appeal from the

district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his

sentence. The government has moved to enforce the § 3582(c)(2) waiver

contained in Mr. Frierson's appeal waiver, noting that this court has already

enforced his waiver in this exact same context. *See United States v. Frierson*,

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

308 F. App'x 298, 299 (10th Cir. 2009) (enforcing § 3582(c)(2) waiver). We enforce the waiver and dismiss the appeal.

Mr. Frierson pleaded guilty in 2006 to possession of more than fifty grams of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He did so pursuant to a plea agreement that contains a waiver of his appellate rights, including an express waiver of his right to "[a]ppeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court . . . ." *Frierson*, 308 F. App'x at 300 (quoting appeal waiver provision) (emphasis omitted).

Despite his waiver, Mr. Frierson filed a § 3582(c)(2) motion in 2008, seeking a sentence modification based on then-pending Amendments 706 and 711 to the Sentencing Guidelines. Before the government entered an appearance, the district court dismissed Mr. Frierson's motion, ruling that its initial sentencing decision had taken account of the then-pending amendments. On appeal, this court enforced the § 3582(c)(2) waiver pursuant to *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (listing factors court considers in determining whether an appeal waiver is enforceable). We ruled that the appeal was within the scope of his waiver, that the waiver of his right to file a § 3582(c)(2) motion was knowing and voluntary, and that it would not be a miscarriage of justice to enforce the waiver. *Frierson*, 308 F. App'x at 300-02.

Mr. Frierson filed a delayed[1] direct appeal challenging his conviction and sentence. This court dismissed the appeal as barred by his appeal waiver. We held that his appeal was within the scope of his appeal waiver, and we again ruled that Mr. Frierson knowingly and voluntarily agreed to his appeal waiver, rejecting his new argument that he was not mentally competent to understand the plea agreement. *See United States v. Frierson*, No. 08-6254, 2009 WL 766533, at *1-2 (10th Cir. Mar. 24, 2009) (per curiam). We also ruled that it would not be a miscarriage of justice to enforce this waiver, rejecting his new argument that the government had breached the plea agreement. *Id*. at *3.

On September 22, 2010, Mr. Frierson filed another motion in district court under 18 U.S.C. § 3582(c)(2), again seeking to modify his sentence based on Amendments 706 and 711 to the Sentencing Guidelines. The district court again dismissed and Mr. Frierson filed the instant appeal.

In response to the government's motion to enforce the appeal and § 3582(c)(2) waiver, Mr. Frierson again claims that he did not knowingly and voluntarily agree to the waiver because the district court did not explain the § 3582(c)(2) waiver to him. We previously rejected this argument, holding that "[w]hile the district court did not explicitly discuss the § 3582(c)(2) aspect of the waiver during the [Federal Rule of Criminal Procedure 11] colloquy, this failure

---

[1]     Mr. Frierson was permitted to file a delayed appeal because his counsel had failed to file a notice of appeal despite Mr. Frierson's timely appeal request.

does not render the waiver unknowing and involuntary given the specific reference to § 3582(c)(2) in the plea agreement and Frierson's written and oral averments regarding the knowing and voluntary nature of his actions." *Frierson*, 308 F. App'x at 300. Mr. Frierson also again claims that the government breached the plea agreement by encouraging an upward departure at sentencing, a claim this court rejected in dismissing his direct appeal. *Frierson*, 2009 WL 766533, at *3 (holding that government's request for an obstruction-of-justice enhancement did not breach the plea agreement).

In short, Mr. Frierson's arguments are barred by the law of the case and res judicata preclusion principles. *See McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 n.1 (10th Cir. 2000) (describing these doctrines, which generally prohibit the relitigation of the same issue in subsequent proceedings once it has been decided).

Accordingly, the motion to enforce plea agreement is GRANTED and the appeal is DISMISSED. Appellant's motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT
PER CURIAM

-4-